## EX PARTE R. H. MOORE.

### No. 2764.     Decided May 11, 1904.

**Former Acquittal and Conviction.**

Where appellant was charged with murder in L. County and his case was erroneously transferred over his objections duly reserved to F. County, where he was convicted of murder in the second degree and the judgment was reversed, partly upon the ground of the erroneous change of venue, he was nevertheless acquitted of murder in the first degree and entitled to bail.

From Fannin County.

Original application for habeas corpus for bail.

The opinion states the case.

*J. G. Dudley. B. B. Sturgeon, J. C. Hodges, Bruce McMahan,* and *Fred Dudley,* for relator.—Krebbs v. State, 8 Texas Crim. App., 1; Harbolt v. State, 39 Texas Crim. Rep., 129; Anderson v. State, 24 Texas Crim. App., 705; Constitution of Texas, art. 1, sec. 14; art. 5, Amend-

ments to Const. U. S.; also Powell v. State, 342; Ex parte Guffie, 8 Texas Crim. App., 409.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is an original application for writ of habeas corpus. At the Dallas term, the judgment of conviction of applicant for murder in the second degree was reversed. Moore v. State, 79 S. W. Rep., 565. A sufficient history of the case discloses that relator was charged by the grand jury of Lamar County with murder. On his application for change of venue to the county of Delta, the court changed the venue to Fannin County. This order was made over his protest. Exception was reserved, and this ruling of the trial court constituted one of the grounds of error for which the judgment was reversed. In Fannin County the trial resulted in the acquittal of murder in the first degree and a conviction for murder in the second degree. Application was made to the trial judge to grant him bail under the existing facts and circumstances, which was refused, as was also by the sheriff. The reasons for the refusal are not stated. The District Court of Lamar County had jurisdiction of the offense by reason of the fact that the killing occurred in that county. We held, under the application as made, the court erred in transferring the venue to Fannin County. The court had jurisdiction of the person and the offense in Lamar County; has the authority to change the venue; but in this case exercised that authority erroneously. The District Court of Fannin County has jurisdiction of the offense of murder, and in the absence of error committed in the order changing the venue from Lamar would have had authority to try the case transferred. But this error does not deprive defendant of the right to plead in bar of the further prosecution his acquittal in Fannin County of murder in the first degree. Article 20, Code of Criminal Procedure, provides as follows: "By the provisions of the Constitution an acquittal of the defendant exempts him from a second trial or second prosecution for the same offense, however irregular the proceedings may have been. But if the defendant shall have been acquitted upon trial in a court having no jurisdiction of the offense, he may nevertheless be prosecuted again in a court having jurisdiction." As before stated, the District Court of Fannin County was a court of competent jurisdiction, but obtained its jurisdiction over the person by reason of an erroneous transfer. However erroneous this transfer may have been, if an exception had not been taken in Lamar County at the time the order changing the venue was entered, appellant could not have taken advantage of it. Under article 561, Code of Criminal Procedure, a party can interpose a special plea, where he has been once convicted legally in a court of competent jurisdiction upon the same accusation, after having been tried upon the merits for the same offense; and also where he has been before asquitted by a jury of the accusation against him in a court of competent jurisdiction, whether the acquittal be regular or irregular. So, under

article 590, a former judgment of acquittal or conviction in a court of competent jurisdiction is a bar to all further prosecution for the same offense. But it shall not be under this statute a bar to a prosecution to a higher grade of offense, over which the court did not have jurisdiction, unless the trial and judgment occurred under an indictment or information—in which case the prosecution shall be barred for all grades of the offense. So in this case we have an acquittal of murder in the first degree in a court whose jurisdiction over the person was obtained by an erroneous order changing the venue, which order became erroneous by reason of the fact that appellant interposed his objection in the county from which the venue was changed. It did not go to the competency of the jurisdiction of the court, but simply an erroneous attaching of that jurisdiction. It is one of those irregularities intended by the Constitution and the laws of the State to govern and protect a party who has been tried under such circumstances. We are of opinion that the judgment of acquittal of murder in the first degree in Fannin County bars all further prosecutions for that grade of offense and leaves no higher grade of offense than murder in the second degree to be submitted to the jury upon another trial. This being true, the relator is entitled to bail, for it ceases to be a possible capital offense, even under the allegations in the indictment. Relator is therefore admitted to bail in the sum of $5000, upon the giving of which in the terms of law he will be released from custody.

*Discharged on bail.*